**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAMES BYRD, JR. and DARRELL BYRD,
for themselves and on behalf of all others
similarly situated,

               Plaintiffs,

     v.

MCDONALD'S USA, LLC, a Delaware
limited liability company, and
MCDONALD'S CORPORATION, a
Delaware corporation,

               Defendants.

Case No.: 1:20-cv-06447

Hon. Harry D. Leinenweber

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
<u>STRIKE PLAINTIFFS' CLASS ACTION ALLEGATIONS</u>**

## TABLE OF CONTENTS

**Page**

FACTUAL AND CLASS ACTION ALLEGATIONS ................................................................. 2

LEGAL STANDARD ............................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

I.      PLAINTIFFS PROPOSE AN IMPERMISSIBLE FAIL-SAFE CLASS. ......................... 5

II.     PLAINTIFFS' CLAIMS PRESENT NO COMMON QUESTIONS CAPABLE OF CLASS WIDE RESOLUTION FOR PURPOSES OF RULE 23(A)(2). .......................... 6

III.   PLAINTIFFS CANNOT ESTABLISH PREDOMINANCE FOR PURPOSES OF A RULE 23(B)(3) CLASS ................................................................................................ 9

IV.   BECAUSE PLAINTIFFS SEEK MONETARY RELIEF, A RULE 23(B)(2) CLASS IS UNAVAILABLE. ......................................................................................................... 13

V.     RULE 23(B)(1) IS INAPPLICABLE. ........................................................................... 14

VI.   DISCOVERY CANNOT CURE THE DEFICIENCIES IN PLAINTIFFS' CLASS ALLEGATIONS. .......................................................................................................... 14

CONCLUSION ....................................................................................................................... 16

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)...............................................................................................3, 9, 14

*Andrews v. Chevy Chase Bank,*
545 F.3d 570 (7th Cir. 2008) ...............................................................................13

*Barnes v. Am. Tobacco Co.,*
161 F.3d 127 (3rd Cir. 1998) ...............................................................................12

*Bell v. PNC Bank, Nat. Ass'n,*
800 F.3d 360 (7th Cir. 2015) .................................................................................9

*Bolden v. Walsh Const. Co.,*
688 F.3d 893 (7th Cir. 2012) ..............................................................................5, 8

*Comcast Corp. v. Nat'l Ass. Of African American-Owned Media, et al.,*
140 S. Ct. 1009 (2020)......................................................................................10, 12

*Cowen v. Lenny & Larry's Inc.,*
No. 17-cv-1530, 2017 WL 4572201 (N.D. Ill. Oct. 12, 2017) .................................4

*Cunningham Charter Corp. v. Learjet, Inc.,*
258 F.R.D. 320 (S.D. Ill. 2009) ...........................................................................14

*Day v. Humana Ins. Co.,*
335 F.R.D. 181 (N.D. Ill. 2020)..............................................................................6

*Defreitas v. United Airlines, Inc.,*
Case No. 19-cv-3397, 2020 WL 635970 (N.D. Ill. Feb. 11, 2020) ...............1, 4, 5, 8

*Dhamer v. Bristol-Myers-Squibb Co.,*
183 F.R.D. 520 (N.D. Ill. 1998)...........................................................................12

*Gen. Tel. Co. of SW. v. Falcon,*
457 U.S. 147 (1982).................................................................................................3

*Hill v. Amoco Oil Co.,*
No. 97-cv-7501, 2001 WL 293628 (N.D. Ill. Mar. 19, 2001) ....................10, 11, 15

*Huddleston v. Am. Airlines, Inc.,*
No. 16-cv-09100, 2018 WL 4742097 (N.D. Ill. Oct. 2, 2018) .................................9

*Jones v. BRG Sports, Inc.*,
  No. 18-cv-7250, 2019 WL 3554374 (N.D. Ill. Aug. 1, 2019) ....................................3, 5, 9, 15

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
  634 F.3d 883 (7th Cir. 2011) ....................................................................................13

*Ladik v. Wal-Mart Stores, Inc.*,
  291 F.R.D. 263 (E.D. Wis. 2013) ...........................................................................8, 14, 15

*Lee v. The Children's Place Retail Stores, Inc.*,
  No. 14-cv-3258, 2014 WL 5100608 (N.D. Ill. Oct. 8, 2014) ....................................................3

*Lemon v. Int'l Union Of Operating Eng., Local No. 139, AFL–CIO*,
  216 F.3d 577 (7th Cir. 2000) ....................................................................................13

*McReynolds v. Merrill Lynch & Co.*,
  694 F.3d 873 (7th Cir. 2012) ....................................................................................15

*Messner v. Northshore Univ. Health System*,
  669 F.3d 802 (7th Cir. 2012) ....................................................................................4, 5

*Monaco v. Bear Stearns Companies, Inc.*,
  No. 09-cv-05438, 2012 WL 10006987 (C.D. Cal. Dec. 10, 2012).........................................11

*Mullins v. Direct Digital, LLC*,
  795 F.3d 654 (7th Cir. 2015) ....................................................................................4, 5

*In re NCAA Student-Athlete Concussion Inj. Litig.*,
  314 F.R.D. 580 (N.D. Ill. 2016)..................................................................................12

*Oshana v. Coca-Cola Bottling Co.*,
  225 F.R.D. 575 (N.D. Ill. 2005)..................................................................................14

*Penn Chiropractic Ass'n v. Blue Cross Blue Shield, Ass'n*,
  286 F.R.D. 355 (N.D. Ill. 2012)..................................................................................14

*Piccioli v. Plumbers Welfare Fund Local 130, U.A.*,
  No. 19-cv-00586, 2020 WL 6063065 (N.D. Ill. Oct. 14, 2020) ............................................10

*Pruitt v. Personnel Staffing Group, LLC*,
  No. 16-cv-5079, 2020 WL 3050330 (N.D. Ill. June 8, 2020).........................................4, 6, 9

*Puffer v. Allstate Ins. Co.*,
  255 F.R.D. 450 (N.D. Ill. 2009), *aff'd*, 675 F.3d 709 (7th Cir. 2012) ..............................6, 10

*Reed v. Advocate Health Care*,
  268 F.R.D. 573 (N.D. Ill. 2010)....................................................................................9

*Rutstein v. Avis Rent-A-Car Systems, Inc.*,
    211 F.3d 1228 (11th Cir. 2000) ..................................................................11

*Siegel v. Shell Oil Co.*,
    612 F.3d 932 (7th Cir. 2010) .......................................................................9

*Smith v. Family Video Movie Club, Inc.*,
    311 F.R.D. 469 (N.D. Ill. 2015)...................................................................5

*Stanek v. Saint Charles Cmty. Unit Sch. Dist. No. 303*,
    Case No. 13-cv-3106, 2017 WL 5971985 (N.D. Ill. Dec. 1, 2017)...........4

*Steimel v. Wernert*,
    823 F.3d 902 (7th Cir. 2016) .......................................................................4

*Stephens v. Seven Seventeen HB Philadelphia Corp. No. 2*,
    No. CIV.A. 99-4541, 2004 WL 1699331 (E.D. Pa. July 29, 2004)........13

*Stubbs v. McDonald's Corp.*,
    224 F.R.D. 668 (D. Kan. 2004)...............................................................9, 15

*Thorn v. Jefferson-Pilot Life Ins. Co.*,
    445 F.3d 311 (4th Cir. 2006) .....................................................................12

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S.Ct. 1036 (2016)......................................................................9, 10, 11

*Van v. Ford Motor Co.*,
    332 F.R.D. 249 (N.D. Ill. 2019)..................................................................4

*Vann v. Dolly, Inc.*,
    18-cv-4455, 2020 WL 902831 (N.D. Ill. Feb. 25, 2020).........................4

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)......................................................................... *passim*

*Witt v. Chesapeake Expl., L.L.C.*,
    276 F.R.D. 458 (E.D. Tex. 2011)..............................................................12

*Wright v. Family Dollar, Inc.*,
    No. 10-cv-4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) ...........4, 14

## Rules and Statutes

42 U.S.C. § 1981.......................................................................................... *passim*

Fed. R. Civ. P. 10(c) .........................................................................................2

Fed. R. Civ. P. 12(b)(6).....................................................................................1

Fed. R. Civ. P. 23 ................................................................................................ *passim*

Fed. R. Civ. P. 23(a) ........................................................................................................6

Fed. R. Civ. P. 23(a) .....................................................................................................8, 9

Fed. R. Civ. P. 23(a)(2) ............................................................................................1, 6, 9

Fed. R. Civ. P. 23(a)(4) ...................................................................................................6

Fed. R. Civ. P. 23(b) ........................................................................................................9

Fed. R. Civ. P. 23(b)(1) ...........................................................................................2, 4, 14

Fed. R. Civ. P. 23(b)(1)(A) .............................................................................................14

Fed. R. Civ. P. 23(b)(1)(B) .............................................................................................14

Fed. R. Civ. P. 23(b)(2) .....................................................................................2, 4, 13, 14

Fed. R. Civ. P. 23(b)(3) ...................................................................................2, 9, 10, 13

Fed. R. Civ. P. 23(c)(1)(A) ...................................................................................1, 3, 16

Fed. R. Civ. P. 23(d)(1)(D) ...................................................................................1, 3, 16

Plaintiffs, two franchisees who have owned and operated McDonald's restaurants in Tennessee for several decades, allege a longstanding and ongoing company-wide practice of discrimination against Black franchisees in violation of 42 U.S.C. § 1981. As discussed in McDonald's Rule 12(b)(6) motion to dismiss Plaintiffs' Amended Class Action Complaint, this claim is wholly without merit and should be dismissed.

Similarly meritless is Plaintiffs' attempt to bootstrap this fact-intensive, individual claim into a class action on behalf of current Black franchisees. Class actions, which are exceptions to the rule that litigation be conducted individually by named parties, are proper only where a group of plaintiffs assert shared claims based upon common issues of fact and law. Fed. R. Civ. P. 23. Where, as here, the claims differ because of the individualized and specific factual circumstances of each potential class member, no class action can be maintained. And, as this Court has recognized, when it is plain from the pleadings that a class action is not proper, a motion to strike the class allegations pursuant to Rules 23(c)(1)(A) and (d)(1)(D) is appropriate. *Defreitas v. United Airlines, Inc.*, Case No. 19-cv-3397, 2020 WL 635970, at *3 (N.D. Ill. Feb. 11, 2020) (Leinenweber, J.). Here, it is facially evident from the Amended Complaint that a class action is improper.

Plaintiffs propose a "Nationwide Class" of Black franchisees who currently own a McDonald's restaurant and "have been denied the same rights enjoyed by White franchisees in the right to enjoy all of the privileges and benefits of established contractual relationships with McDonald's because of their race." (Am. Compl. ("AC") (Dkt. 32) ¶ 211.) This putative class does not satisfy Rule 23. First, this is an impermissible fail-safe class because the membership is defined by liability for the underlying cause of action. Second, Plaintiffs fail to satisfy Rule 23(a)(2), as they have not identified any question that is common to all members of the proposed

class.  Third, resolution of Plaintiffs' claims requires individualized, fact intensive inquiries; thus, no Rule 23(b)(3) class can be certified as no common questions predominate, nor is a class action a superior method for resolving these claims.  Fourth, Plaintiffs primarily seek to recover damages, eliminating certification under either Rule 23(b)(2) or (b)(1).  Because none of these fundamental deficiencies can be cured with discovery, the Court should strike Plaintiffs' class allegations.[1]

## FACTUAL AND CLASS ACTION ALLEGATIONS

Plaintiffs James and Darrell Byrd are brothers who currently own and operate four McDonald's restaurants in the Nashville and Memphis areas of Tennessee.  (AC ¶¶ 2, 39-40.) James Byrd became a McDonald's franchisee in 1989.  (*Id.* ¶ 2.)  During his 31-year tenure as a McDonald's franchisee, James Byrd owned as many as ten restaurants.  (*Id.* ¶¶ 43-44.)  His brother, Darrell Byrd, became a franchisee in 1998.  (*Id.* ¶ 2.)  Both Plaintiffs have bought and sold several restaurants during their decades as McDonald's owner-operators.  (*Id.* ¶¶ 2, 52, 66.)  Today, each brother owns and operates two restaurants.  (*Id.* ¶ 2.)

Plaintiffs filed their Amended Complaint on January 25, 2021, claiming intentional racial discrimination in violation of 42 U.S.C. § 1981.  Plaintiffs assert this claim individually and on behalf of a putative "Nationwide Class" of 186 Black franchisees, defined as follows:

> **Nationwide Class:** All persons or entities who are Black members of a federally-protected class, have been denied the same rights enjoyed by White franchisees in the right to enjoy all of the privilege and benefits of established contractual relationships with McDonald's because of their race, and who currently own and operate a McDonald's franchise in the United States ….

(AC ¶¶ 1, 211.)

---

[1] McDonald's' arguments in this motion to strike class allegations are based solely on the allegations in the Amended Complaint and those documents incorporated by reference.  Fed. R. Civ. P. 10(c).  In the event this matter proceeds to a motion for class certification, McDonald's reserves its right to raise any and all available factual and legal arguments in opposition.

Plaintiffs' claim is premised upon the unsubstantiated and implausible theory that McDonald's engaged in widespread discrimination against Black franchisees by restricting their business opportunities to restaurants located "in predominantly Black, inner-city, or rural and economically depressed neighborhoods" (*id.* ¶¶ 45, 64, 65), that these restaurants had higher expenses and rent than the ***national*** average for McDonald's restaurants (*id.* ¶ 49), that McDonald's denied them financial relief when they were unable to pay their existing contractual obligations (*id.* ¶¶ 56, 68, 70), and that it unreasonably denied them extensions of their franchises and expansion into more restaurants (*id.* ¶¶ 57, 69). Plaintiffs claim that because of McDonald's actions, they "lost" their franchises and seek damages of $4-5 million per restaurant. (*Id.* ¶ 239.)

## LEGAL STANDARD

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Accordingly, the Federal Rules require that the court determine at "an early practicable time … whether to certify the action as a class action," Fed. R. Civ. P. 23(c)(1)(A), and equip the court with the power to "issue orders that … require that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). It is well-established that "a motion to strike class allegations … is an appropriate device to determine whether the case will proceed as a class action." *Lee v. The Children's Place Retail Stores, Inc.*, No. 14-cv-3258, 2014 WL 5100608, at *1 (N.D. Ill. Oct. 8, 2014). "[W]here the pleadings make clear" that a suit cannot satisfy the requirements of Rule 23 and thus, allowing the "case to proceed as a putative class action would be futile," it is appropriate to "strike class allegations to conserve court and party resources." *Jones v. BRG Sports, Inc.*, No. 18-cv-7250, 2019 WL 3554374, at *4 (N.D. Ill. Aug. 1, 2019) (quotations omitted); *see also Gen. Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues

are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."); *Vann v. Dolly, Inc.,* 18-cv-4455, 2020 WL 902831, at *5 (N.D. Ill. Feb. 25, 2020) (striking class allegations); *Stanek v. Saint Charles Cmty. Unit Sch. Dist. No. 303*, Case No. 13-cv-3106, 2017 WL 5971985, at *6-8 (N.D. Ill. Dec. 1, 2017) (same); *Wright v. Family Dollar, Inc.*, No. 10-cv-4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) (when the issue of class certification can be determined on a "legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained").[2]

## ARGUMENT

Here, it is plain enough from the pleadings that Plaintiffs' class allegations are "facially and inherently deficient," and thus, they should be stricken. *Cowen v. Lenny & Larry's Inc.*, No. 17-cv-1530, 2017 WL 4572201, at *4 (N.D. Ill. Oct. 12, 2017) (internal citation omitted). As an initial matter, the proposed class is defined by, and contingent on, a liability finding, rendering it an impermissible fail-safe class which is prohibited by law. *Messner v. Northshore Univ. Health System*, 669 F.3d 802, 825 (7th Cir. 2012); *see also Steimel v. Wernert*, 823 F.3d 902, 917-18 (7th Cir. 2016); *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 657 (7th Cir. 2015). Moreover, Plaintiffs' claim presents inherently individualized issues that cannot satisfy either Rule 23(a)'s commonality requirement or 23(b)(3)'s predominance requirement. *Dukes*, 564 U.S. at 350; *Van v. Ford Motor Co*., 332 F.R.D. 249, 288-89 (N.D. Ill. 2019). Nor can Plaintiffs certify a Rule 23(b)(2) injunctive relief class because monetary damages are the primary relief sought. *Dukes*, 564 U.S. at 360. And Rule 23(b)(1), which must be narrowly construed, is not applicable here.

---

[2] As on a motion for class certification, Plaintiffs bear the burden here of establishing compliance with Rule 23's requirements. *See Defreitas*, 2020 WL 635970, at *2; *Pruitt v. Personnel Staffing Group, LLC*, No. 16-cv-5079, 2020 WL 3050330 at *3 (N.D. Ill. June 8, 2020).

Because none of these fundamental defects can be cured with discovery, the Court should grant McDonald's motion to strike the class allegations. *Jones,* 2019 WL 3554374, at *4.

## I.      PLAINTIFFS PROPOSE AN IMPERMISSIBLE FAIL-SAFE CLASS.

It is well-established that fail-safe classes are forbidden. A fail-safe class is one in which the class members cannot be identified until liability is established, or put differently, "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Messner*, 669 F.3d at 825. "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Id*. Moreover, Rule 23 requires that a class be sufficiently ascertainable such that it is administratively feasible to determine whether someone is a member without engaging in individualized fact-finding on the merits. *Defreitas*, 2020 WL 635970 at *3. Fail-safe classes fail this test because they require the Court to assess the merits of each potential class member's claim to determine whether they are part of the class. *See, e.g., Mullins,* 795 F.3d at 657.

Plaintiffs' proposed class runs afoul of the fail-safe prohibition. The Nationwide Class is defined to include current Black franchisees who "have been denied the same rights enjoyed by White franchisees . . . because of their race." (AC ¶ 211.) By definition, this class includes persons who can only be identified after liability is established – that is, Plaintiffs who can establish that they were wrongfully denied opportunities or received adverse treatment on account of their race. *See Bolden v. Walsh Const. Co.*, 688 F.3d 893, 895 (7th Cir. 2012) ("the overtime class defines its members as persons who did not earn more 'because of their race.' Using a future decision on the merits to specify the scope of the class makes it impossible to determine who is in the class until the case ends…"); *Smith v. Family Video Movie Club, Inc.*, 311 F.R.D. 469, 475 (N.D. Ill. 2015) ("An example of a fail-safe class is one made up of employees who claim to have faced adverse employment decisions 'because of their race.' If a jury were to find that no employment decisions

were based on race, then the putative class members never actually were part of the class.")
(internal citation omitted). Accordingly, Plaintiffs' proposed class is improper as a matter of law
and this Court should strike the class allegations. *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 200
(N.D. Ill. 2020) (striking class allegations where "membership in the class proposed … plainly
depends on whether [the plaintiff] has a valid claim") (citation omitted).

## II. PLAINTIFFS' CLAIMS PRESENT NO COMMON QUESTIONS CAPABLE OF CLASS WIDE RESOLUTION FOR PURPOSES OF RULE 23(A)(2).[3]

Even if Plaintiffs could revise their class definition to address the fail-safe issue, their class
allegations are nevertheless fundamentally flawed. Each putative class member's tenure as a
McDonald's franchisee is defined by unique circumstances, including restaurant location,
purchase price, personal capital invested, individual business decisions, and performance. Rule
23(a)(2) permits certification only where there exist "questions of law or fact common to the class"
providing the necessary "glue" for class claims. *Dukes*, 564 U.S. at 352. In *Dukes*, the Supreme
Court emphasized that "[w]hat matters to class certification ... is not the raising of common
questions—even in droves—but, rather the capacity of a class-wide proceeding to generate
***common answers*** apt to drive the resolution of the litigation." *Id*. at 350 (quotation omitted)
(emphasis added). The Court cautioned against misapplication of the commonality rule, noting
that any class action complaint can be drafted to raise "common questions," and instructed that to
satisfy Rule 23(a)(2), plaintiffs must do more, and allege facts showing "a common contention …
capable of class-wide resolution" upon which "determination of its truth or falsity will resolve an
issue that is central to the validity of each one of the claims in one stroke." *Id*. at 349-50.

---

[3] McDonald's reserves its right to raise challenges to Rule 23(a)'s other requirements, including typicality and
adequacy. *See Puffer v. Allstate Ins. Co.*, 255 F.R.D. 450, 469 (N.D. Ill. 2009), *aff'd*, 675 F.3d 709 (7th Cir. 2012)
("Where, as here, a court would have to examine numerous individualized factors to determine the parameters of
individual claims, the typicality requirement is not met."); *Pruitt*, 2020 WL 3050330, at *8 ("Proposed class
representatives who are subject to individual defenses fail Rule 23(a)(4)'s adequacy requirement;" thus, where named
plaintiff's §1981 claim was time-barred, he was not an adequate class representative.).

Here, Plaintiffs present precisely the type of superficial, generalized questions that the Court warned against, and which cannot be answered by common proof. (*See* AC ¶¶ 218, 219(a)-(d).) For example, Plaintiffs allege that "Defendants' illegal pattern of steering and restricting Black franchisees to substandard locations because of their race and unlawful practice of denying [them] the same opportunities given to White franchisees" are common, certifiable questions underlying each of their claims. (*Id.* ¶ 218.) But examination of these questions demonstrates that they cannot be resolved on a class-wide basis "in one stroke." *Dukes*, 564 U.S. at 350. Plaintiffs have not identified a single uniform discriminatory policy or action of a common decision maker with uniform, discriminatory conduct. And they do not allege (nor could they, given McDonald's corporate structure) that every class member was managed by the same office or region, or subjected to actions of the same decision-maker.

Instead, Plaintiffs allege generally that McDonalds "deni[ed] Plaintiffs and putative Class Members the same franchise opportunities made available to White franchisees" (AC ¶ 235), through multiple, varied practices, applied in different places, by different people, over an extended period time, by:

– Forcing Plaintiffs to operate older restaurants in poor-performing and dangerous locations with high operating costs and low-volume sales. (*Id.* ¶ 236(a).)

– Requiring Plaintiffs to invest in rebuilds and/or renovations within short time frames and at exorbitant rates. (*Id.* ¶ 236(b).)

– Excluding Plaintiffs from growth opportunities. (*Id.* ¶ 236(c).)

– Denying franchise opportunities to Plaintiffs without "legitimate business reasons." (*Id.* ¶ 236(d).)

– Denying Plaintiffs "meaningful support" to allow them to overcome financial hardships. (*Id.* ¶ 236(e).)

– Depriving Plaintiffs of legacy opportunities through McDonald's Next Gen program. (*Id.* ¶ 236(f).)

- Retaliating against Plaintiffs for rejecting offers to continue operations in dangerous neighborhoods with low-volume sales. (*Id.* ¶ 236(g).)

- Conducting unwarranted inspections and imposing unfair grading of Plaintiffs' restaurants. (*Id.* ¶ 236(h).)

- Placing Plaintiffs in "untenable positions of economic duress" and "denying them eligibility for growth." (*Id.* ¶ 236(i).)

These questions cannot be resolved with common proof. Plaintiffs allege that there are 186 Black franchisees who currently own and operate McDonald's restaurants across the United States. (*Id.* ¶ 1.) But the question of whether each of them do so in "poor-performing and dangerous locations," (*id.* ¶ 236(d)), and whether they were "forced" to operate there, is inherently subjective and individualized. Similarly, proof by any single Plaintiff that they were reviewed more harshly, denied expansion opportunities, or required to make investments in rebuilds compared to White franchisees in the same area at the same time says nothing about the experiences of other Black franchisees in different areas relative to a different group of White franchisees at a different time. Nor does proof of "economic duress" for a single Plaintiff say anything about the finances or options of any other Plaintiff. In short, none of these questions can generate a common answer to the ultimate question about whether any of the putative class members were treated differently because of their race. *See Bolden*, 688 F.3d at 898.

Because the questions raised by Plaintiffs' Amended Complaint are incapable of generating a common answer, their claims cannot be certified under Rule 23(a), and should be stricken. *See Defreitas*, 2020 WL 635970 at *3 (striking class allegations because "absent a formal policy alleged to cause the discrimination," the fact that "an individual employee may have been discriminated against" leaves "a significant gap … that needs to be bridged" to answer the question of class wide liability); *Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 270, 273 (E.D. Wis. 2013) (striking class allegations because conclusory assertions of "common nationwide policies" did not

establish commonality linking inherently discretionary and individualized decisions); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 675 (D. Kan. 2004) (striking class allegations in §1981 case because "allegations alone of a pattern and practice of discrimination are inadequate to satisfy the commonality requirement" and questions that involve "myriad individual considerations [are] not suited for a class action") (citations omitted).[4]

## III. PLAINTIFFS CANNOT ESTABLISH PREDOMINANCE FOR PURPOSES OF A RULE 23(B)(3) CLASS.

Plaintiffs also cannot establish predominance and superiority, as required for a Rule 23(b)(3) damages class. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," and "is far more demanding" than the commonality requirement. *Amchem*, 521 U.S. at 623, 624 (1997); *Jones*, 2019 WL 3554374 at *2 ("The guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues.") (citation omitted). Analysis of Rule 23's predominance requirement "begins … with the elements of the underlying cause of action." *Huddleston v. Am. Airlines, Inc.*, No. 16-cv-09100, 2018 WL 4742097, at *5 (N.D. Ill. Oct. 2, 2018) (quotations omitted). There is no predominance where liability determinations will be individual and fact intensive, *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016), and in such a case, no class may be certified. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935-36 (7th Cir. 2010) (class certification properly denied for lack of predominance where the elements of the claim would require individual determinations); *Reed v. Advocate Health Care*, 268 F.R.D. 573,

---

[4] Rule 23(a) "provides a gate-keeping function for all class actions," *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015); thus, Plaintiffs' failure to satisfy Rule 23(a)(2) is fatal to their attempt to proceed as a class action. *See Pruitt*, 2020 WL 3050330 at *3, 11. Nevertheless, given the equally material deficiencies in Plaintiffs' attempt to certify a Rule 23(b) class, McDonald's addresses them below.

580-81 (N.D. Ill. 2010) ("If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable.").

At heart, this is a lawsuit alleging intentional discrimination by McDonald's against Black franchisees. Adjudication of this claim requires examination of questions of intent and causation. *Puffer*, 255 F.R.D. at 457 n.2 ("proof of discriminatory motive is critical"); *Comcast Corp. v. Nat'l Ass. Of African American-Owned Media, et al.*, 140 S. Ct. 1009, 1019 (2020) (plaintiffs must establish that "but for race, [they] would not have suffered the loss of a legally protected right"); *Piccioli v. Plumbers Welfare Fund Local 130, U.A.*, No. 19-cv-00586, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020) (After *Comcast*, "a plaintiff cannot [establish a § 1981 claim] upon a showing that racial discrimination was one factor among many in a defendant's decision. Racial discrimination must be the determining factor."). Resolution of these issues is not "susceptible to generalized, class-wide proof," but rather, requires the presentation of "evidence that varies from member to member," *Tyson Foods, Inc.*, 136 S.Ct. at 1045, thereby defeating any claim of predominance.

First, Plaintiffs' assertion that McDonald's engages in a "pattern and practice applicable to Plaintiffs and the putative class of covert, systemic, and continuous discrimination" (AC ¶ 151), does not present a common predominant question for purposes of establishing liability. In *Hill v. Amoco Oil Co.*, No. 97-cv-7501, 2001 WL 293628, at *7-8 (N.D. Ill. Mar. 19, 2001), Plaintiffs alleged that they were discriminated against in violation of §1981 and sought to certify a Rule 23(b)(3) damages class, asserting that "the common question of whether Amoco maintained a pattern or practice of discrimination would predominate over the individual questions." *Id.* at *7. The court denied the class certification motion, finding that predominance was lacking, because while the existence of "a policy or practice of discrimination may be relevant in a given case, …

it certainly cannot establish that the company intentionally discriminated against every member of the putative class." *Id.* at *8 (citing *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000)). Such is the case here – even if Plaintiffs could prove the existence of such a discriminatory policy (which McDonald's unequivocally denies), establishing liability would nevertheless require the trier of fact to determine whether each class member was subject to that putative discriminatory policy, and if so, whether it was the basis for the conduct of which they complain, and whether it caused the losses for which they seek recovery.

Second, the allegedly discriminatory acts identified by Plaintiffs cannot be resolved on a class-wide basis. Plaintiffs assert that McDonald's discriminates by steering Black franchisees "to older, recycled restaurants, in poor-performing and dangerous locations," "[f]ailing to provide legitimate business reasons for repeated denials of franchise opportunities," "[d]enying [them] meaningful support to allow them to overcome financial hardships" and putting Black franchisees "in untenable positions of economic duress." (AC ¶¶ 236(a), (d), (e), (i); *see also id.* ¶ 151.) However, liability under §1981 for these actions requires proof of discriminatory intent, which will require an individualized inquiry into each Class Member's interactions with specific McDonald's employees throughout their time as a McDonald's franchisee, as well as a determination of whether the franchisee's race, as opposed to some other non-discriminatory factor, was the reason for the complained of conduct. These questions and individualized and fact-intensive, and cannot be answered with "generalized, class-wide proof." *Tyson Foods, Inc.*, 136 S.Ct. at 1045.

Third, McDonald's affirmative defenses to putative class member's claims further defeat predominance.[5] For example, as discussed in McDonald's motion to dismiss, Plaintiffs' § 1981

---

[5] In *Wal-Mart*, the Court recognized that the Rules Enabling Act prohibits class certification if it would eliminate a defendant's right to "litigate its … defenses to individual claims." 564 U.S. at 367; *see also Monaco v. Bear Stearns*

claim is largely barred by the applicable two- and four-year limitations periods. (*See* Dkt. 36, 37.) Because the claims of each putative class member will need to be similarly assessed to determine what challenged conduct specific to them, if any, is timely, individual issues will overwhelm those that may be common to the class. *See Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 149 (3rd Cir. 1998) ("determining whether each class member's claim is barred by the statute of limitations raises individual issues that prevent class certification."); *Dhamer v. Bristol-Myers-Squibb Co.*, 183 F.R.D. 520, 532 (N.D. Ill. 1998) ("statutes of limitations" create "individual questions" precluding certification); *Thorn v. Jefferson-Pilot Life Ins. Co*., 445 F.3d 311, 321-24 (4th Cir. 2006) (predominance not found in §1981 case where limitations issues presented class member-specific questions). Similarly, a franchisee's failure to make timely payments to McDonald's may constitute material breaches of their franchise agreement (*See* Franchise Agreement (Dkt. 37, Ex. 1-A) at ¶¶ 18(b), (c)), and McDonald's is entitled to defend itself by establishing that the challenged conduct was permitted under the terms of the applicable contracts. These individual defenses further destroy predominance. *In re NCAA Student-Athlete Concussion Inj. Litig.*, 314 F.R.D. 580, 593 (N.D. Ill. 2016) ("Predominance also fails where affirmative defenses will require a person-by-person evaluation of conduct to determine whether [a defense] precludes individual recovery.") (internal citation omitted).

In sum, each putative class members' claim is, at heart, an individual claim that requires proof of both an intent to discriminate based on race and a nexus between that discrimination and their loss of a protected right. *Comcast*, 140 S.Ct. at 1018. Because "class certification [would] only serv[e] to give rise to hundreds or thousands of individual proceedings," common issues

---

*Companies, Inc.*, No. 09-cv-05438, 2012 WL 10006987, at *9–10 (C.D. Cal. Dec. 10, 2012) (no class certification given "the existence of [defendant's affirmative] defenses" and the right to litigate them individually); *Witt v. Chesapeake Expl., L.L.C.*, 276 F.R.D. 458, 469 (E.D. Tex. 2011) (same).

cannot predominate. *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008); *see also Stephens v. Seven Seventeen HB Philadelphia Corp. No. 2*, No. CIV.A. 99-4541, 2004 WL 1699331, at *4 (E.D. Pa. July 29, 2004) (collecting cases and noting the reluctance of courts to certify a Rule 23(b)(3) class "in a nonemployment civil rights case especially when … the class members seek compensatory and punitive damages).[6]

## IV.  BECAUSE PLAINTIFFS SEEK MONETARY RELIEF, A RULE 23(B)(2) CLASS IS UNAVAILABLE.

Plaintiffs also allege a Rule 23(b)(2) class (AC ¶ 209), however, it is apparent from the pleadings that no such class can be certified.  Certification under Rule 23(b)(2) is impermissible where the complaint seeks monetary damages that are more than "incidental" to requested injunctive or declaratory relief.  *See Dukes*, 564 U.S. at 360 (holding that claims for monetary relief that are "not incidental to" requested injunctive or declaratory relief may not be certified under Rule 23(b)(2)); *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 888-89 (7th Cir. 2011).  The Seventh Circuit has held that damages are incidental when they "flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief" and "do not depend 'in any significant way on the intangible, subjective differences of each class member's circumstances and do not require additional hearings to resolve the disparate merits of each individual's case."  *Lemon v. Int'l Union Of Operating Eng., Local No.  139, AFL–CIO*, 216 F.3d 577, 581 (7th Cir. 2000) (citations omitted).  Plaintiffs' prayer for relief seeks compensatory and punitive damages, including "loss of profits," "loss of franchise value," "lost business opportunities," "damages for emotional and physical suffering and distress," and "to

---

[6] Plaintiffs are also unable to establish superiority, which requires a showing that a class action is "superior to other available methods for fairly and efficiently adjudicating" their claims. Fed. R. Civ. P. 23(b)(3); *see also* Rule 23 Advisory Comm. Notes 2003 ("A critical need is to determine how the case will be tried. An increasing number of courts require a party requesting class certification to present a 'trial plan' that describes the issues likely to be presented at trial and tests whether they are susceptible of class-wide proof.").  A class trial would be impossible here given the individualized inquiries required to adjudicate Plaintiffs' claims.

make Plaintiffs whole for all earnings and benefits they would have received," (AC at p. 59), as well as fees, costs, and pre-judgment interest. This claim is not incidental. The gravamen of Plaintiffs' complaint is that because they were discriminated against, their franchises were not as lucrative as they had hoped, and they seek to recoup the difference between their individual expectations and actual experiences. (*Id*. ¶150.) Because Plaintiffs primarily seek monetary damages, a Rule 23(b)(2) class cannot be maintained.

## V.     RULE 23(B)(1) IS INAPPLICABLE.

Plaintiffs also state that they seek to certify a class pursuant to Rule 23(b)(1) (AC ¶ 209); however, Rule 23(b)(1) must be narrowly interpreted and is not appropriate "in class actions seeking substantial monetary damages." *Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320, 330-31 (S.D. Ill. 2009). Furthermore, neither sub-section of that provision is applicable. Rule 23(b)(1)(A) applies only to suits "where the party is obliged by law to treat the members of the class alike" such as "a utility acting toward customers." *Amchem*, 521 U.S. at 614 (internal citation omitted); *see also Penn Chiropractic Ass'n v. Blue Cross Blue Shield, Ass'n*, 286 F.R.D. 355, 375 (N.D. Ill. 2012). Rule 23(b)(1)(B), which is to be "narrowly interpreted," *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 584 (N.D. Ill. 2005), applies to "limited fund" cases "in which numerous persons make claims against a fund insufficient to satisfy all claims." *Amchem*, 521 U.S. at 614 (internal citation omitted). Neither is the case here.

## VI.    DISCOVERY CANNOT CURE THE DEFICIENCIES IN PLAINTIFFS' CLASS ALLEGATIONS.

Plaintiffs' Amended Complaint demonstrates that the class allegations should be stricken, and that these deficiencies cannot be cured with discovery. "[W]hen the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained." *Wright*, 2010 WL 4962838 at *1; *Ladik*, 291 F.R.D. at 273

(dismissing class-wide sex discrimination claims where "discovery . . . [would merely] delay the inevitable."); *Jones,* 2019 WL 3554374, at *6 (striking class claims at the complaint stage where discovery would not "render the complex, ubiquitous individualized questions of harm and causation that pervade this case amenable to collective resolution.").

There are no facts that could be learned through discovery that would resolve any part of the putative class members' claims on a class-wide basis, and thus the Court should strike Plaintiffs' class allegations now. Plaintiffs identify no common policy of intentional discrimination that could sustain a § 1981 claim, *see McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 884-85 (7th Cir. 2012), but instead point to general and conclusory allegations that McDonald's (in reality, specific regional managers) treated Black franchisees worse than White franchisees. This type of purported "link" between entirely separate, individualized circumstances asserted here is "the same [alleged] 'corporate culture' of gender bias that the Court found unpersuasive in *Dukes*." *Ladik,* 291 F.R.D. at 270. Moreover, even if Plaintiffs could uncover facts in discovery that support their generalized allegations that McDonald's intentionally discriminates against all Black franchisees (a position that McDonald's unequivocally denies), this would still be insufficient to resolve the class claims through common proof. *Hill*, 2001 WL 293628, at *7-8 (existence of a policy or practice of discrimination insufficient to establish common liability, as court must consider whether that policy was applied to each member of the class); *Stubbs*, 224 F.R.D. at 675 (allegations of a pattern or practice of discrimination insufficient where decision making was decentralized and individualized, involving numerous different actions across "large geographic area" and many years). Because additional factual development through discovery would not solve these deficiencies in the class allegations, they should be stricken by the Court without the need for discovery. *Ladik*, 291 F.R.D. at 272-73.

## **CONCLUSION**

For the foregoing reasons, McDonald's requests that the Court strike the class action allegations from Plaintiffs' Amended Complaint pursuant to Rules 23(c)(1)(A) and (d)(1)(D).

Dated: February 8, 2021

_/s/ Patricia Brown Holmes__

Patricia Brown Holmes
Sondra A. Hemeryck
Amy C. Andrews
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
shemeryck@rshc-law.com
aandrews@rshc-law.com

Ariel Schepers Wilson
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington Street, Suite 402
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

Andrew Jason Wu (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, California 94104
(415) 275-8550
awu@rshc-law.com

Loretta E. Lynch (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Karen R. King (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(202) 373-3000
lelynch@paulweiss.com
sbuergel@paulweiss.com
kking@paulweiss.com

*Counsel for McDonald's USA, LLC and McDonald's Corporation*